**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 98-cv-1162-ABJ

DAVID L. HILDEBRAND, an individual,

    Plaintiff,

v.

STECK MANUFACTURING COMPANY, INC.; ATC PRODUCTS, INC.; CORNWELL QUALITY TOOLS COMPANY; LOCK TECHNOLOGY, INC., a/k/a Archer Tools, a/k/a Casey Tools, a/k/a K-C Tools; MATCO TOOLS; SNAP-ON TOOLS COMPANY; TOOLS USA AND EQUIPMENT COMPANY, and MAC TOOLS;

    Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CLERICAL ERROR AND DENYING REQUEST FOR RULE 11 SANCTIONS

The plaintiff's Motion for Relief from Clerical Error, filed May 29, 2008 (Docket Entry No. 77), the defendant's response in opposition thereto and requesting imposition of Rule 11 sanctions (Docket Entry No. 78), and the plaintiff's further reply (Docket Entry No. 79) have come before the Court for consideration. The Court, having considered the written submissions and all matters of record FINDS that the motion should be **DENIED** and that the defendant's request for imposition of Rule 11 Sanctions should also be **DENIED.**

The plaintiff filed a complaint in the above captioned case (Case No. 98-

CV-1162-ABJ) on May 22, 1998. Thereafter, the case was transferred to the United States District Court for the Southern District of Ohio for further proceedings on April 14, 1999 (entered April 23, 1999).[1] Plaintiff sought to have the transfer stayed, which was granted by order of April 28, 1999. After further proceedings, the case was finally transferred to the United States District Court for the Southern District of Ohio, September 21, 1999. Upon accomplishing the transfer of the case to the United States District Court for the Southern District of Ohio, Case No. 98-WY-1162-ABJ was closed in the United States District Court for District of Colorado. The case was assigned a docket number in Ohio, Case No. 99-CV-00512.

Further proceedings occurred in Ohio in both of the cases involving these parties. Case No. 99-CV-00512 was dismissed by the Ohio court for want of prosecution; a default judgment was entered in favor of Steck in Case No. 98-CV-00196. Hildebrand filed appeals in both actions with the Federal Circuit, challenging the jurisdiction of the Ohio federal court. Ultimately, the Federal Circuit determined that jurisdiction was not proper in Ohio. The presiding judge in the District Court for the Southern District of Ohio dismissed Case No. 98-CV-

---

[1] Steck had filed a separate complaint in the Southern District of Ohio on May 13, 1998, Case No. 98-CV-00196.

00196 and ordered that Hildebrand's action (Case No. 99-CV-00512) be returned to Colorado.

The case was returned to Colorado and docketed by the Clerk of Court in the United States District Court for the District Colorado as Civil Action No. 02-WY-1125. All further proceedings, including a lengthy jury trial, were held in the United States District Court in Colorado under this Docket Number, Civil Action No. 02-WY-1125. That case has since been re-assigned to Judge Babcock.

In the motion filed May 29, 2008 in Civil Action No. 98-CV-01162-ABJ which is now before the undersigned for consideration, Plaintiff Hildebrand contends that the case should be have been re-docketed under the original case number, 98-WY-1162, rather than assigning a new docket Number, Civil Action No. 02-WY-1125. He argues that the failure to do so was a clerical error. Hildebrand relies upon Fed. R. Civ. P. 60(a) in bringing his motion before the Court.

This Court disagrees with plaintiff Hildebrand's contention that the assignment of a new docket number to the case by the Clerk of Court when returned to Colorado constitutes a clerical error within the meaning of Rule 60(a). That Rule provides:

> (a) **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But, after an appeal has been docketed in the appellate court, and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Court concludes that the plain language of this provision precludes the Court from entertaining the instant motion. The assignment of a new case number when the case was returned by the United States District Court for the Southern District of Ohio following conclusion of appeals in two cases to the Federal Circuit is not a mere clerical mistake, oversight or omission as contemplated by this Rule. Further, both of the Hildebrand cases docketed in the United States District Court for the District of Colorado have been the subject of appeals; no leave has been granted by any appellate court granting permission for correction of any alleged mistake. In the absence of such an order, the Court would in any event be unable to accomplish that which Hildebrand seeks in the instant motion. Plaintiff Hildebrand could have sought the relief he requested when the case was returned to the United States District Court for the District of Colorado in 2002 by the United States District Court for the Southern District of Ohio; he did not do so. The motion filed in May 2008 pursuant to Rule 60(a) is not, in this Court's view, timely and should not be

granted.

The Court further finds that the defendant's request for Rule 11 sanctions should also be denied. Rule 11 provides, with respect to motions for sanctions, as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including, attorney's fees, incurred for the motions.

Rule 11(b) requires motions, pleadings, or other papers filed by an attorney or unrepresented part to certify that to the best of the persons's knowledge, information, and belief, formed after an inquiry, reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The defendant's submission requests that sanctions be imposed because the plaintiff's motion is frivolous. While the motion filed by plaintiff Hildebrand is unique and will not be granted, the Court will not determine that it is frivolous or brought for any improper purpose. The defendant's request for sanctions lacks the specificity the Court would hope to see in filing a Rule 11 motion. This has been a hotly contested case. The instant motion simply reflects the continuing animosity between the parties and an inability to agree on anything that might bring this matter to a final conclusion. This is clearly something that does not reflect well on any of the parties.

All matters concerning plaintiff's case have been reassigned to Judge Babcock in the United States District Court for the District of Colorado. The Court may express no further opinions regarding matters concerning the above captioned parties. Any outstanding matters should be brought before Judge Babcock in the United States District Court for the District of Colorado and not to the undersigned.

Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that Plaintiff's Motion for Relief from Clerical Error, filed May

29, 2008 under Civil Action No. 98-CV-1162-ABJ shall be, and is, **DENIED. it is further**

**ORDERED** that the defendant's request for Rule 11 sanctions shall be, and is, **DENIED.**

Dated this 14th day of January 2009.

_____
UNITED STATES DISTRICT JUDGE
BY DESIGNATION